IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kelvin Demeatrius Brown, ) | Civil Action No.8:04-22925-TLW-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Deputy Director Willie Bamberg, ) | |
| Chief Horace James, and Corporal ) | |
| Jermaine Downing, in their individual ) | |
| capacities as OCRDC employees, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on November 16, 2004, seeking damages for alleged civil rights violations. Named as defendants were Willie Bamberg, Director of the Orangeburg Calhoun Regional Detention Center ("OCRDC"); Horace James, Chief of Security at OCRDC; and Jermaine Downing, a correctional officer at OCRDC. On April 13, 2005, the defendants filed a motion for summary judgment. By order filed September 21,

2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  On October 12, 2005, the plaintiff filed his response to the motion.

On January 30, 2006, the undersigned entered a report and recommendation in regards to the defendants' motion for summary judgment recommending that the motion be granted.  On March 28, 2006, the district court adopted that recommendation, in part, but remanded the case with instructions for the defendants to further brief issues related to the plaintiff's due process claim and for the Court to reconsider the same.

The defendants filed their supplemental briefing on May 25, 2006.  The plaintiff filed his response on July 28, 2006.

## **FACTS PRESENTED**

The plaintiff is currently an inmate at Allendale Correctional Institution in Fairfax, South Carolina.  The plaintiff alleges that on July 31, 2004, he was placed in administrative segregation following an assault on one of his cell mates.  He alleges that all of his personal belongings were taken and he was left with only the clothes he was wearing.  He further alleges that he was "forced to sleep on the dirty concrete floor for a period of 14 days."  The plaintiff contends that he was not involved in the assault against his cell mate and that he was never given the right "to plead [his] case." (Comp. at 3).  In his request for relief, the plaintiff asks for:

> A total sum of $300,000 all in actual damages for all pain and

>suffering. Lack of medical treatment for back pains due to sleeping on concrete. Not letting me plead my case. Belittling me by way of my character. And for all cruel and unusual punishment administered by OCRDC.

(Comp. at 5).

A full recitation of the facts of the facts of this case appear in the January 30, 2006 report and recommendation [Doc. 20] and are incorporated by specific reference herein.

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The plaintiffs have brought this action *pro se*. This fact requires that their pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**SUMMARY JUDGMENT STANDARD OF REVIEW**

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The plaintiff alleges that his due process rights were violated because he was not permitted to be present at the disciplinary hearing. The plaintiff's rights concerning disciplinary hearings are defined by the Due Process Clause of the Fourteenth Amendment. *See Wolff v. McDonnell*, 418 U.S. 539, 568-69 (1974). In order to prevail on a due process claim, the plaintiff must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *See Plyler v. Moore*, 100 F.3d 365, 374 (4th Cir.1996).

Even if the plaintiff's allegation that he was not present at the disciplinary hearing is true, and there is literally no evidence that it is not,[1] he cannot prevail on his due process claim. In order to show the deprivation of a liberty interest protected by the Due Process Clause, the plaintiff must show either: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

In this case, the plaintiff "was not entitled to due process protections with respect to his disciplinary hearing because the disciplinary actions taken and [the plaintiff's] placement in administrative segregation did not create an atypical or significant hardship in relation to the ordinary incidents of prison life." *McNeill v. Currie*, 84 Fed. Appx. 276, 277 (4th Cir.2003); *see also Beverati v. Smith*, 120 F.3d 500, 503-04 (4th Cir.1997) (holding administrative segregation for **six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food** was not so atypical as

---

[1] Judge Wooten expressly requested that the defendants indicate whether the plaintiff was in attendance at the disciplinary hearing. (Order March 28, 2006 at 2 [Doc. 22].) Instead of answering the direct inquiry, the defendants have again deferred to the affidavit of Horace James, which they contend answers all of the relevant issues. Of course, it does not, because that affidavit, like the briefing in this case, never indicates whether the plaintiff was actually in attendance at the hearing. As discussed, his attendance does not create due process issues on the facts of this case, as a matter of law. Nonetheless, it is ever critical that the parties be directly responsive to the inquiries of the Court. While not actionable, the Court expresses concern, that if for some improper reason, the plaintiff was not given an opportunity to attend the hearing. Ultimately, however, the Court cannot know one way or the other because it has not been apprised.

to impose significant hardship such that due process protections attach)). As the above-cited case, *Beverati v. Smith*, demonstrates, the Fourth Circuit has rejected that even some of the harshest conditions of administrative segregation rarely rise to the level of an "atypical and significant hardship" such that due process interests are implicated. *See Beverati v. Smith*, 120 F.3d at 503. The plaintiff in this case has not put forward any evidence that the administrative segregation that he was subjected to imposed any atypical and significant hardship or otherwise created conditions that exceeded the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause.

Although he claims that he was forced to sleep on the jailhouse floor for 14 days without a mattress, the Court cannot say that such a condition creates an atypical and significant hardship, if the vermin, feces, flooding, temperature, and filth at issue in *Beverati* did not. *Id*.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted as to the plaintiff's remaining due process claim.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

February 23, 2007
Greenville, South Carolina.

6