IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kelvin Demeatrius Brown, | ) | C.A. No. 8:04-22925-TLW |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Deputy Director Willie Bamberg, Chief Horace James, and Corporal Jermaine Downing, in their individual capacities as OCRDC employees, | ) | |
| Defendants. | ) | |

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Bruce H. Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In her Report, Magistrate Judge Hendricks recommends that summary judgment be granted as to the plaintiff's remaining due process claim. (Doc. # 30). Plaintiff has filed objections to the Report. (Doc. # 31).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not

1

>objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report. Although this Court notes that the opportunity to personally appear at a disciplinary hearing appears to be a reasonable and appropriate procedure, this Court has been presented with no case law, nor has its own research produced any that would require such an appearance under the specific facts of this case. As concluded in the well reasoned Report issued by the Magistrate Judge and after a careful review of Sandin v. Conner, 515 U.S. 472 (U.S. 1995), McNeill v. Currie, 84 Fed.Appx. 276 (4th Cir. 2003), and Beverati v. Smith 120 F.3d 500 (4th Cir. 1997), this Court does not find any persuasive evidence that the administrative segregation that plaintiff was subjected to imposed any atypical and significant hardship or otherwise created conditions that exceeded the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process clause, requiring a personal appearance at a disciplinary hearing. Additionally, this Court notes that when asked about this incident and given the opportunity to present information, plaintiff "refuse[d] to answer." Accordingly, the Court accepts the Report as written.[1]

---

[1] Additionally, this Court finds persuasive the position of its colleague, Judge Henry M. Herlong, who accepted a Report and Recommendation prepared by Magistrate Judge Bruce H. Hendricks, which reached the same conclusion as this Court does in the case at bar. See Clyburn v. Eagleton, 2006 WL 2521574, *3 (D.S.C. 2006) (concluding that plaintiff was not entitled to due process protections with respect to his disciplinary hearing because the disciplinary actions taken and the plaintiff's placement in administrative segregation did not create an atypical or significant hardship in relation to the ordinary incidents of prison life)(citing McNeill v. Currie, 84 Fed.Appx. 276 (4th Cir.2003); Beverati v. Smith, 120 F.3d 500, 503-04 (4th Cir.1997)). In Clyburn, it appears that the plaintiff was not present at either his initial disciplinary hearing, nor at a subsequent rehearing.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 30), plaintiff's objections are **OVERRULED** (Doc. # 31); and summary judgment is **GRANTED** as to the plaintiff's remaining due process claim.

**IT IS SO ORDERED.**

                         s/ Terry L. Wooten

                         TERRY L. WOOTEN

                         UNITED STATES DISTRICT JUDGE

May 21, 2007

Florence, South Carolina